| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | MIRANDA KANE (CABN 150630)<br>Chief, Criminal Division |
| 4 | NATALIE LEE (CABN 277362)<br>Assistant United States Attorney |

MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

NATALIE LEE (CABN 277362)
Assistant United States Attorney

    450 Golden Gate Avenue
    Eleventh Floor
    San Francisco, CA 94102
    Telephone: (415) 436-7301
    Fax: (415) 436-6753
    E-Mail: natalie.lee2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>GEORGE SIMONE BRANCH,<br>REGINALD LAMOND HILEY, and<br>TYRELL EUGENE LOVE<br>    Defendants. | No. 4:12-mj-70404 MAG<br><br>**STIPULATION AND ORDER EXTENDING TIME LIMITS OF RULE 5.1(c) AND EXCLUDING TIME** |

On April 12, 2012, the parties in this case appeared before the Court for an initial appearance on a Complaint. On April 25, 2012, the parties submitted a Stipulation and Proposed Order Extending Time Limits of Rule 5.1(c) and Excluding Time until May 11, 2012. Pursuant to Rule 5.1(d), Defendants Branch, Hiley, and Love each consented to this extension of time and waiver, and the parties represented that good cause existed for the extension, including the effective preparation of counsel. That same day, this Court signed the Stipulation and Order

STIPULATION & ORDER EXTENDING TIME LIMITS AND EXCLUDING TIME
4:12-mj-70404 MAG

Extending Time Limits of Rule 5.1(c) and Excluding Time.

    At this time, the parties file a second Stipulation and Proposed Order Extending Time Limits of Rule 5.1(c) and Excluding Time pursuant to Rule 5.1(d). All parties further agree that an exclusion of time under the Speedy Trial Act, 18 U.S.C. 3161, is called for because the requested continuance is needed to allow counsel sufficient time to prepare, and that the failure to grand the continuance requested would unreasonably deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The government is in the process of producing audio video recordings discovery to Defendants and anticipates that discovery will be produced by Friday, May 11, 2012 after which Defendants will need time to review that discovery. The parties stipulate that the interest of justice outweighs the best interest of the public and the defendants in a speedy trial. Therefore, the parties agree that the Court shall order that the Speedy Trial clock shall be tolled for the reasons stated above from May 11, 2012 to May 25, 2012 and that the arraignment/ preliminary hearing set for May 11, 2012 be continued to May 25, 2012. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

SO STIPULATED:

                                      MELINDA HAAG
                                      United States Attorney

DATED: May 8, 2012                  /s/
                                      NATALIE LEE
                                      Assistant United States Attorney

DATED: May 8, 2012                  /s/
                                      JOYCE LEAVITT
                                      Attorney for George Simone Branch

DATED: May 8, 2012                  /s/
                                      SUZANNE A. LUBAN
                                      Attorney for Reginald L. Hiley

DATED: May 8, 2012                   FB
                                      FRANK BELL
                                      Attorney for Tyrell Eugene Love

## ORDER

For the reasons stated above, the Court finds that the extension of time limits applicable under Federal Rule of Criminal Procedure 5.1(c) from May 11, 2012 through May 25, 2012 is warranted and that a continuance of Defendants' arraignment / preliminary hearing set for May 11, 2012 to May 25, 2012 is warranted; that exclusion of this period from the time limits applicable under 18 U.S.C. § 3161 is warranted; that the ends of justice served by the continuance under Rule 5.1 outweigh the interests of the public and the defendant in the prompt disposition of this criminal case; and that the failure to grant the requested exclusion of time would deny counsel for the defendant and for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. 18 U.S.C. §3161(h)(7)(B)(iv).

IT IS SO ORDERED.

DATED: 5/10/12

THE HONORABLE DONNA M. RYU
United States Magistrate Judge